BOLIN, Judge.
After plaintiffs discovered that beetles had done extensive damage to the floor of their commercial building, they sued their former tenant, alleging its liability for the damage under the terms of written agreements governing the occupancy of the building. Defendant contended the lease agreement was the controlling instrument and that it imposed no liability on the lessee for beetle damage. The lower court agreed with defendant and rejected plaintiffs’ demands. Plaintiffs appeal and we affirm.
The issue is whether the owners of the commercial building or their former tenant is responsible for floor damage caused by beetles.
In 1961 defendant occupied the premises under an assignment of a written lease. At that time it also negotiated an agreement for the purchase of merchandise and an option to renew the lease for five years. After installing a plywood and tile floor and making other alterations, defendant commenced business on the premises. It exercised the option to renew, and vacated the building in 1976. Plaintiffs later discovered" insect damage to the floor, made demand on defendant for the cost of repair, and filed this lawsuit.
The trial court found the case was governed by the provisions in the documents signed by the parties. The original lease agreement contained the following:
In consideration of said demise and lease, the Tenant covenants and agrees:

(b) . . . at the expiration of said term to quit and surrender said premises in good order and condition, ordinary wear and tear, and damage by fire, flood, act of God, termites, other casualty, or the elements excepted. (Emphasis added)
The trial court was correct in finding that “other casualty” encompassed the *998 beetle infestation here. Furthermore, termite damage includes, in its common understanding, damage done by beetles. See Blum v. Marrero, 346 So.2d 356 (La.App. 4th Cir., 1977).
The previously quoted clause exonerates defendant from liability for the insect-caused damage if the written lease is the controlling document. Plaintiffs argue, however, that the infestation resulted from defendant’s alterations to the building; that, therefore, defendant’s liability attaches under the terms of the merchandising agreement, which provides in part:
The vendee herein further agrees that it is to make certain alterations in the said building and structure and that in the event that any damage is caused the vendor herein ... it will repair the same and place the building in the same condition as it was before the said damage was caused at no cost or expense to the lessor and to pay for any damages caused by its neglect in making such alterations. (Emphasis added)
The trial court correctly concluded this provision imposed liability on the tenant for damages resulting directly from the alterations (i. e., the laying of the new plywood and tile floor), but did not cover liability for damage caused when insects later infested the flooring. Plaintiffs’ experts speculated that the beetles may have been introduced when untreated plywood was used in the construction of the floor. There is inadequate proof as to when the infestation actually began or whether special treatment of the plywood would have prevented the destruction.
We agree with the lower court that the parties intended the written lease, not the subsequently negotiated merchandising agreement, to govern liability for the damages incurred.
The judgment is affirmed at appellants’ cost.